IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| William James Glover,        )<br>                                         )<br>              Plaintiff,            )<br>                                         )<br>       vs.                            )<br>                                         )<br>United Parcel Service, Inc.,   )<br>                                         )<br>              Defendant.        )<br>_____)  | Civil Action No. 6:16-cv-1985-TMC-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

        This matter is before the court on the defendant's motion to dismiss the plaintiff's amended complaint (doc. 9) and the plaintiff's motion for leave to file a second amended complaint (doc. 15). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Civil Rule 73.02(B)(2)(g) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in employment discrimination cases and submit findings and recommendations to the district court.[1]

**FACTUAL ALLEGATIONS**

        The plaintiff alleges in his amended complaint that he is a 46 year old African-American male who has been employed by the defendant for approximately 26 years. He claims that from December 2002 to January 2015, he performed the duties of a full-time Reload Supervisor, but he was not paid as other full-time supervisors. He alleges that in 2014 he complained to Aubrey Farmer, the Donaldson Center Manager, about the "disparate treatment." He claims Farmer retaliated against him by cutting his hours. He further alleges that in January 2015 Todd Snedigar, a white male in his late thirties, was promoted to full-time supervisor, and the plaintiff was "demoted" to a part-time supervisor,

---

[1]As the issues in the defendant's motion to dismiss and the plaintiff's motion to amend are interrelated, the undersigned is submitting a report and recommendation on both motions rather than ruling on the motion to amend.

(doc. 5, pp. 3-8). The plaintiff alleges causes of action for discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"); discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended; violation of the Equal Pay Act ("EPA"); and state law claims for conversion, fraud and deceit, negligent misrepresentation, and ratification (*id.*, pp. 11-17).

## APPLICABLE LAW AND ANALYSIS

*Motion to Dismiss*

The defendant has moved for dismissal of the plaintiff's amended complaint (doc. 5) pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6). Dismissal is appropriate under Rule 12(b)(1) when the court lacks subject matter jurisdiction. A motion to dismiss under Rule 12(b)(1) examines whether a complaint fails to state facts upon which jurisdiction can be founded. It is the plaintiff's burden to prove jurisdiction, and the court is to "regard the pleadings' allegations as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond, Fredericksburg & Potomac R.R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir.1991).

"The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 531 (D.S.C. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)). "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 569 (2007)). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

While a complaint "does not need [to allege] detailed factual allegations," pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.' " *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). When determining a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled material allegations of the complaint as admitted and view them in the light most favorable to the non-moving party. *De Sole v. U.S.*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

The court may consider a plaintiff's charge of discrimination in ruling on a motion to dismiss. *See Williams v. 1199 Seiu United Healthcare Workers East*, C.A. No. 12–72, 2012 WL 2923164, at * 1 n.1 (D. Md. July 17, 2012) ("In the employment context, a court may consider an EEOC charge and other EEOC documentation [when considering a motion to dismiss] because such documents are integral to the complaint as Plaintiff necessarily relies on these documents to satisfy the time limit requirements of the statutory scheme.") (citing *Holowecki v. Fed. Express Corp.*, 440 F.3d 558, 565-66 (2d Cir. 2006)).

***Motion to Amend***

After the filing of the defendant's motion to dismiss the amended complaint, the plaintiff filed a motion for leave to file a second amended complaint and a proposed second amended complaint (docs. 15, 15-1). In that motion, the plaintiff states, "Plaintiff believes the proposed Second Amended Complaint takes care of the issues raised in Defendant's FRCP 12(b)(6) Motion and requests leave to file the Second Amended Complaint" (doc. 15, p. 1). The defendant opposes the motion to amend (doc. 20).

A timely filed amended pleading supersedes the original pleading. *Young v. City of Mount Ranier*, 238 F.3d 567, 572 (4th Cir. 2001) ("As a general rule, 'an amended pleading ordinarily supersedes the original and renders it of no legal effect.'" (quoting *Crysen/Montenay Energy Co. v. Shell Oil Co.*, 226 F.3d 160, 162 (2d Cir. 2000)). However, here, the plaintiff has already filed one amended complaint, so he may not amend the complaint again as a matter of course under Rule 15. *See* Fed. R. Civ. P. 15(a)(1). Rather, as pertinent here, the plaintiff may only amend his complaint "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). Amendments under Rule 15 are generally freely given unless doing so would be prejudicial to the opposing party, have been made in bad faith, or would be futile. *Jones v. Lexington County Det. Ctr.*, 586 F. Supp. 2d 444, 450 (D.S.C. 2008) (denying motion to amend as futile). If the proposed amended complaint fails to state a claim under Rule 12(b)(6), amendment would be futile, and denial of a motion to amend is appropriate. *See United States v. Kellogg Brown & Root Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). Accordingly, the undersigned will consider the plaintiff's proposed amendments in considering the defendant's motion to dismiss each claim of the amended complaint.

### *ADEA*

The defendant argues that the plaintiff's ADEA claims should be dismissed pursuant to Rule12(b)(1) for failure to exhaust administrative remedies (doc. 9-1, pp. 2-3). The plaintiff concedes in his response to the motion to dismiss that his claims for discrimination and retaliation in violation of the ADEA have not been exhausted (doc. 16-1, pp. 3, 21), and the plaintiff does not allege ADEA claims in the proposed second amended complaint (*see* doc. 15-1). Based upon the foregoing, the motion to dismiss should be granted as to the ADEA claims in Counts 1 and 2 of the amended complaint (doc. 5, pp. 11-12).

4

***EPA and the Fair Pay Act***

The plaintiff does not address the defendant's arguments in support of dismissal of the EPA cause of action in Count 5 of the amended complaint (*see* doc. 9-1, pp. 11-13; doc. 16-1; doc. 5, pp. 14-15). Accordingly, he has abandoned this cause of action, and dismissal of the claim is appropriate.

In his proposed second amended complaint submitted with the motion to amend, the plaintiff has replaced the EPA cause of action with a cause of action for "violation of the Fair Pay Act[,] 42 U.S.C. § 2000e-5(e)(3)(A) – Plead in the Alternative" (doc. 15-1, pp. 16-17). The plaintiff states that the cause of action is pled in the alternative to the Title VII failure to promote claim – another cause of action that is added to the proposed second amended complaint (*id.*). However, as argued by the defendant in opposition to the motion to amend, this proposed amendment should be denied as futile because the law is clear that the Lily Ledbetter Fair Pay Act of 2009 (the "Ledbetter Act") "does not create an independent cause of action, but instead clarifies the point of commencement of the statute of limitations in instances of wage discrimination." *Jones v. Richland Cty.*, C.A. No. 3:16-466-MBS-KDW, 2016 WL 5402862, at * 1-2 (D.S.C., Sept. 28, 2016). *See also*, *Davis v. S.C. Dep't of Health & Envtl. Control*, C.A. No. 3:13-cv-02612-JMC, 2015 WL 5616237, at *1 n.1 (D.S.C. Sep. 24, 2015) ("the Act does not create a cause of action") (citation omitted). Since the Ledbetter Act does not provide its own substantive cause of action, but rather is simply an amendment to Title VII, the plaintiff's motion to amend to assert a separate cause of action under the Ledbetter Act should be denied as futile.

***Title VII***

The defendant argues that the plaintiff's Title VII race discrimination claim, Count 3 of the amended complaint, should be dismissed for failure to state a claim (doc. 9-1, pp. 6-8). The plaintiff also alleges this cause of action in the proposed second

5

amended complaint as Count 1 (doc. 15-1, p. 13).  The defendant argues that any claim relating to a failure to promote the plaintiff in 2002 is untimely (doc. 9-1, pp. 7).  "Before filing suit under Title VII, a plaintiff must exhaust [his] administrative remedies by bringing a charge with the EEOC.  In South Carolina, the charge must be filed within 300 days after an alleged unlawful employment practice occurred." *Cartee v. Wilbur Smith Assocs.*, No. 3:09-1974-JFA-PJG, 2010 WL 1052198, at *2 (D.S.C. Feb. 3, 2010) (quotations and citations omitted).  "The failure to file a timely charge with the EEOC bars the claim in federal court." *Id*. (citing *McCullough v. Branch Banking & Trust Co.*, 35 F.3d 127, 131 (4th Cir. 1994)).

The undersigned agrees with the defendant that any claims that accrued more than 300 days prior to the filing of the plaintiff's EEOC charge are time-barred.[2]  The plaintiff apparently concedes this by stating that "the conduct in 2002 is not at issue" and the "course of conduct dating back to 2002 is not meant to form the basis of Plaintiff's causes of action; rather, these details frame the Complaint" (doc. 16-1, pp. 6-7).

The plaintiff argues that his race discrimination claim accrued in December 2014/January 2015 when the defendant reduced his hours, "demoted him to part-time Supervisor, and then replaced him with Todd Snedigar – a white male in his late thirties – as full-time Supervisor" (doc. 16-1, p. 6).  The defendant does not argue that a claim regarding these allegations is time-barred but instead contends that since the plaintiff was never actually promoted to a full-time Reload Supervisor position in 2002, he cannot now claim that he was demoted from the position to a part-time Reload Supervisor in 2015 (doc. 18, p. 7).

The United States Supreme Court has held "that an employment discrimination complaint need not include [specific facts establishing a *prima facie* case of

---

[2]The plaintiff filed an EEOC charge alleging race discrimination on July 24, 2015 (doc. 1-1).

discrimination under the *McDonnell Douglas* framework] and instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 508 (2002) (quoting Fed. R. Civ. P. 8(a)(2)). The undersigned finds that the plaintiff has provided enough facts in the amended complaint to state a race discrimination claim to relief that is plausible on its face. The plaintiff has alleged that a white, similarly situated co-worker was treated more favorably than him under similar circumstances. Specifically, the plaintiff alleges that while he performed all of the duties and responsibilities of a full-time Supervisor over a number of years and received exceptional performance evaluations for his performance, he was not compensated as other full-time Supervisors were, and, in December 2014/ January 2015, Snedigar, who had previously worked under the plaintiff, was given the full-time Supervisor position and was paid as such, while the plaintiff's hours were reduced to part-time (doc. 5, pp. 4-8). Based upon the foregoing, the defendant's motion to dismiss the Title VII race discrimination claim should be denied, and the plaintiff should be allowed to bring such a claim in a second amended complaint.

The defendant next argues that the plaintiff's Title VII retaliation claim should be dismissed for failure to state a claim and/or for failure to exhaust administrative remedies (doc. 9-1, pp. 9-11). In Count 4 of the amended complaint, the plaintiff alleges that he was denied equal pay and benefits and suffered demotion in retaliation for reporting race discrimination (doc. 5, p. 14). The plaintiff also includes a Title VII retaliation claim in his proposed second amended complaint (doc. 15-1, pp. 15-16). The plaintiff's EEOC charge alleges only race discrimination, and the "retaliation" box is not checked (doc. 1-1). Moreover, he did not allege any conduct in the charge or in the attached intake questionnaire that would suggest that he may have been subject to retaliation (*id.*).

The plaintiff argues that "the Fourth Circuit has made clear that a plaintiff need not exhaust administrative remedies for retaliation related to an EEOC complaint and,

instead may raise a retaliation claim for the first time in federal court" (doc. 16-1, p. 13). The plaintiff's argument is unavailing:

> Although the Fourth Circuit Court of Appeals has held that a plaintiff asserting a Title VII claim of retaliation for filing a previous administrative charge is not required to separately exhaust administrative remedies with regard to that retaliation claim, *Nealon v. Stone*, 958 F.2d 584, 590 (4th Cir.1992), the exception does not apply when the alleged retaliatory acts occurred before the plaintiff filed a charge of discrimination, *Wilson v. Dimario*, 139 F.3d 897, at *2 (4th Cir.1998) (unpublished table decision) (holding that the exception in *Nealon* does not apply to an allegation of retaliation that occurred before the filing of an administrative charge and, therefore, could have been included in the charge); *see also Cornelius v. McHugh*, C/A No., C/A No. 3:13-10118-CMC-PJG, 2014 WL 4536349, at *1 (D.S.C. Sept.10, 2014) (granting a motion to dismiss for lack of exhaustion with respect to a claim that could have been raised in a charge of discrimination).

*Nance v. Univ. of S.C.*, C.A. No. 3:13-1803-CMC-JDA, 2015 WL 5037016, at *13 (D.S.C. Aug. 26, 2015). *See also Belton v. West Marine, Inc.*, C.A. No. 0:15-167-TLW-SVH, 2015 WL 7180519, at *4-5 (D.S.C. Nov. 13, 2015) (same).

Here, the plaintiff states that his retaliation claim accrued in December 2014/January 2015 after he was "demoted" and his hours were reduced following his November 2014 complaint to the defendant "regarding the disparate treatment based on his race" (doc. 16-1, pp. 12-13). Accordingly, as the alleged retaliatory acts occurred before the filing of the administrative charge, the plaintiff could have included the allegation of retaliation in the charge. Thus, the Title VII retaliation claim should be dismissed for failure to exhaust administrative remedies with respect to that claim. *See Taylor v. Sci. Applications Int'l Corp.*, C.A. No. 2:12-0659-RMG-BM, 2012 WL 5301333, at *4 (D.S.C. Oct. 25, 2012) (finding plaintiff did not exhaust administrative remedies for retaliation claim where the plaintiff did not check the retaliation box in her charge and did not allege any conduct that would even suggest she may have been the subject of a retaliatory

termination).  Furthermore, the plaintiff's motion to amend should be denied with respect to this cause of action.

In Count 2 of the proposed second amended complaint, the plaintiff alleges a new Title VII failure to promote cause of action that is not included in the amended complaint (doc. 15-1, p. 14).  The plaintiff alleges that the defendant discriminated against him because of his race when it failed to promote him to a full-time position with the requisite pay and benefits while at the same time promoting a white male to that position with the requisite pay and benefits (*id.*).  The defendant argues that the motion to amend should be denied as futile as the plaintiff has failed to state a claim upon which relief can be granted.  Specifically, the defendant argues that the plaintiff is trying to get around the fact that his claim is time-barred by alleging that he did not become aware that he was being discriminated against until 2015 when Snedigar was promoted to full-time supervisor.  The undersigned agrees that the plaintiff's factual allegations are somewhat confusing as he alleges both that he was "'demoted' back to part time supervisor" and that the defendant "failed to promote [him] to the full time position" (doc. 15-1, pp. 7-8, 14).  However, it does not appear to the undersigned that the plaintiff is attempting to allege a failure to promote claim based on any promotions outside the 300-day limitations period.  Moreover, given the liberal notice pleading of Rule 8(a), the undersigned finds that the plaintiff has provided enough facts to state a claim to relief that is plausible on its face by alleging that he was denied a promotion – in or about January 2015 – and that a person outside the protected class (Snedigar) received the position instead.  *See McCaskey v. Henry*, 461 F. App'x 268, 270 (4th Cir. 2012) ("In her filings, McCaskey, who is black, asserts that she was denied a promised promotion to a supervisory position and that, thereafter, a white female was promoted into the supervisory position.  A showing that a member outside of the protected class received a promotion instead of the plaintiff is sufficient to create an inference of discrimination. *Carter v. Ball*, 33 F.3d 450, 458 (4th Cir.1994).  McCaskey has thus alleged

9

facts that give rise to an inference of discrimination sufficient to survive a motion to dismiss. We therefore vacate the district court's dismissal of her failure to promote claim.). Accordingly, the motion to amend should be granted as to this cause of action.

In Count 3 of the proposed second amended complaint, the plaintiff alleges that the defendant discriminated against him because of race by paying him less money that Snedigar, who held the same position and performed the same job (doc. 15-1, p. 15). The defendant argues that the motion to amend should be denied as to this claim because the plaintiff was at all times employed as a part-time supervisor, and since there is no allegation that he was being paid less that other similarly situated part-time supervisors, he has failed to state a claim for disparate pay under Title VII (doc. 20, p. 5).  Again, the plaintiff's factual allegations are somewhat confusing.  However, he does allege that in January 2015, Snedigar, a person outside the protected class, was given the Reload Supervisor position that the plaintiff had been performing and was compensated at a higher rate than the plaintiff (doc. 15-1, pp. 7-8).  Accordingly, the undersigned finds that the plaintiff has provided enough facts to state a claim that is plausible on its face for disparate pay in violation of Title VII, and the motion to amend should be granted as to this cause of action.

Based upon the foregoing, the motion to dismiss should be denied as to the Title VII race discrimination claim (Count 3 of the amended complaint) and granted as to the Title VII retaliation claim (Count 4 of the amended complaint).  Further, the motion to amend should be granted as to Title VII discrimination, failure to promote, and disparate pay causes of action (Counts 1, 2, and 3 of the proposed second amended complaint) and denied as to the Title VII retaliation claim (Count 4 of the proposed second amended complaint).

***State Law Claims***

In Count 6 of the amended complaint, the plaintiff alleges a state law claim for conversion (doc. 5, p. 15). This claim is alleged as Count 6 of the proposed second amended complaint (doc. 15-1, pp. 17-18). "Conversion is defined as the unauthorized assumption in the exercise of the right of ownership over goods or personal chattels belonging to another to the exclusion of the owner's rights. Under South Carolina law, to prove the tort of conversion, the plaintiff must establish either title to or right to the possession of the personal property." *Joe Hand Promotions, Inc. v. Double Down Entm't, LLC*, C.A. No. 0:11-cv-02438-MBS, 2014 WL 994382, at *(D.S.C. Mar. 13, 2014) (quotations and citations omitted). The defendant argues that because the plaintiff never held the position of full-time Reload Supervisor, he cannot show any right of ownership to the compensation and benefits given to such full-time supervisors (doc. 9-1, p. 13). The defendant further argues that the claim is barred by the three-year statute of limitations since the plaintiff alleges he was not promoted to a full-time position in 2002 (*id.* (citing *Smith v. Cty. of Pickens*, C.A. No. 8:10-cv-02265-JMC-JDA, 2011 WL 3794153, at *(D.S.C. July 29, 2011) (Where plaintiff knew or had notice that conversion claim might exist in 2006, the claim was time-barred when he failed to bring claim within three-year statute of limitations.) and S.C. Code Ann. § 15-3-530(4)).

The plaintiff argues that while he may not have formally held the full-time supervisor position, he performed the same job dues as that of other full-time supervisors, but he did not receive the same pay and benefits (doc. 16-1, p. 18). He further argues that the cause of action did not accrue for statute of limitations purposes until December 2014 (*id.*, p. 19). The undersigned finds that at this early stage of the litigation, where there has been no discovery, and construing the facts in a light most favorable to the plaintiff, the motion to dismiss for failure to state a claim should be denied as to the conversion claim

11

at this time. For these same reasons, the motion to amend should be granted as to this claim.

In Counts 7 and 8 of the amended complaint, the plaintiff alleges that the defendant made either false or negligent representations regarding the pay and benefits associated with his position (doc. 5, pp. 15-16). The causes of action are also included in the proposed second amended complaint (doc. 15-1, pp. 18-19). "South Carolina's courts have made it clear that negligent misrepresentation and fraud claims . . . can be based only on misrepresentations of material fact. To be actionable, a representation 'must relate to a present or pre-existing fact'; a claim 'cannot ordinarily be based on unfulfilled promises or statements as to future events.'" *Pitten v. Jacobs*, 903 F. Supp. 937, 951 (D.S.C. 1995) (quoting *Fields v. Melrose Ltd. Partnership*, 439 S.E.2d 283, 285 (S.C. Ct. App. 1993) (negligent misrepresentation claim) and *Woods v. State*, 431 S.E.2d 260, 263 (S.C. Ct. App. 1993) (fraud claim)). The defendant argues that the plaintiff's claims are clearly based on unfulfilled promises as opposed to facts, and therefore the claims should be dismissed (doc. 9-1, pp. 13-14 (citing doc. 5, amended comp. ¶ 14)).

The plaintiff argues in response that the misrepresentation of material fact at issue is the defendant's "assertion (made initially by Melissa Satterfield, and continuing throughout Plaintiff's employment as the Donaldson Supervisor), that UPS had downgraded Plaintiff's then-full time position to part time. In reality, however, Plaintiff's position was never downgraded, but was represented as such in an effort to effectively avoiding providing Plaintiff the pay and benefits associated with a full time position" (doc. 16-1, pp. 19-20). Again, the undersigned finds that at this early stage of the litigation, where there has been no discovery, and construing the facts in a light most favorable to the plaintiff, the motion to dismiss for failure to state a claim should be denied as to these claims, and, for the same reasons, the motion to amend should be granted as to these claims.

The plaintiff states that he "voluntarily dismisses" his state law claim for ratification (doc. 16-1, p. 21 n. 80).  Accordingly, the motion to dismiss should be granted as to Count 9 of the amended complaint (doc. 5, p. 17).

## CONCLUSION AND RECOMMENDATION

Based upon the foregoing, the defendant's motion to dismiss the amended complaint (doc. 9) should be granted as to the ADEA (Counts 1 and 2), Title VII retaliation (Count 4), EPA (Count 5), and ratification (Count 9) causes of action and denied in all other respects.

Furthermore, the plaintiff's motion for leave to file a second amended complaint (doc. 15) should be granted as to the Title VII discrimination (Count 1), Title VII failure to promote (Count 2), Title VII disparate pay (Count 3), conversion (Count 6), fraud and deceit (Count 7), and negligent misrepresentation (Count 8) proposed causes of action and denied as to the Title VII retaliation (Count 4) and Fair Pay Act (Count 5) proposed causes of action.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald  
United States Magistrate Judge

January 12, 2017  
Greenville, South Carolina