IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| William James Glover, ) | |
| ) | Civil Action No. 6:16-1985-TMC |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| United Parcel Service, Inc., ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff, William James Glover, filed this action alleging discrimination and retaliation in violation of the Age Discrimination in Employment Act ("ADEA"); discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended; violation of the Equal Pay Act ("EPA"); and state law claims for conversion, fraud and deceit, negligent misrepresentation, and ratification. (ECF No. 5 at 11–17). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02, D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before the court is the magistrate judge's Report and Recommendation ("Report") (ECF No. 22), issued January 12, 2017, recommending that the court grant defendant United Parcel Service, Inc.'s ("UPS") motion to dismiss as to Counts 1 and 2 (ADEA), Count 4 (Title VII retaliation), Count 5 (EPA), and Count 9 (ratification) of Glover's amended complaint (ECF No. 5) and deny it in all other respects. Further, the Report recommends that the court grant Glover's motion for leave to file a second amended complaint as to Count 1 (Title VII discrimination), Count 2 (Title VII failure to promote), Count 3 (Title VII disparate pay), Count 6 (conversion), Count 7 (fraud), and Count 8 (negligent misrepresentation) of Glover's proposed second amended complaint (ECF No. 15-1) and deny it as to Count 4 (Title VII retaliation) and Count 5 (Fair Pay Act) of Glover's proposed second amended complaint (ECF No. 15-1). (ECF

1

No. 22). On January 26, 2017, UPS filed objections to the Report. (ECF No. 24). Glover did not file objections to the Report. On February 9, 2017, Glover filed a response to UPS's objections. (ECF No. 26).

The recommendations set forth in the Report have no presumptive weight and the responsibility to make a final determination in this matter remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the magistrate judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## I. BACKGROUND[1]

The magistrate judge summarized the facts of this action in his Report (ECF No. 22 at 1–2). Briefly, in the amended complaint, Glover, a forty-six-year-old African American male, alleges that UPS, the company that employed him for approximately twenty-six years, discriminated against him based on his race. (ECF No. 5 at 3–8). He argues that he did the work of a full time Reload Supervisor from December 2002 to January 2015, but was paid differently and given disparate benefits from others performing the same work and that, in January 2015, a

---

[1] For purposes of considering UPS's Motion to Dismiss (ECF No. 9), the court will accept as true the facts that Glover alleged in his amended complaint, which is the operative complaint, as well as in his proposed second amended complaint, (ECF No. 15-1), as the court is simultaneously considering the merits of Glover's request for leave to amend. *See Aziz v. Alcolac,* 658 F.3d 388, 390 (4th Cir. 2011); *Tucker v. Specialized Loan Servicing, LLC*, 83 F. Supp. 3d 635, 639 (D. Md. 2015).

white co-worker was officially promoted to the full time Reload Supervisor position instead of Glover. *Id*. As noted above, Plaintiff seeks relief pursuant to the ADEA, Title VII, the EPA, and South Carolina state law. *Id*.

Glover filed a complaint against UPS on June 16, 2015 (ECF No. 1) and amended his complaint as a matter of course on July 1, 2016 (ECF No. 5). On August 8, 2016, defendant UPS filed a motion to dismiss for failure to state a claim. (ECF No. 9). On September 23, 2016, Glover filed a motion for leave to file a second amended complaint and filed the proposed second amended complaint as an attachment. (ECF No. 15). On September 26, 2016, Glover filed his response in opposition to UPS's motion to dismiss. (ECF No. 16). UPS filed a reply on October 6, 2016. (ECF No. 18). Before the court are the magistrate judge's Report on UPS's motion to dismiss Glover's claims (ECF No. 9) and Glover's motion for leave to file a second amended complaint (ECF No. 15). On January 26, 2017, UPS filed objections to the Report. (ECF No. 24). On February 9, 2017, Glover filed a response to UPS's objections. (ECF No. 26).

## II. APPLICABLE LAW

Under Federal Rule of Civil Procedure 12(b)(6), a motion to dismiss for failure to state a claim should not be granted unless it appears certain that the plaintiff can prove no set of facts which would support her claim and entitle her to relief. Fed. R. Civ. P. 12(b)(6). When considering a motion to dismiss, the court should "accept as true all well-pleaded allegations and should view the complaint in a light most favorable to the plaintiff." *Mylan Labs., Inc. v. Matkari,* 7 F.3d 1130, 1134 (4th Cir.1993). However, the court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175,

180 (4th Cir.2000). A complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus,* 551 U.S. 89, 93 (2007) (per curiam) (citations omitted). While "a plaintiff is not required to plead facts that constitute a prima facie case in order to survive a motion to dismiss . . . , factual allegations must be enough to raise a right to relief above the speculative level." *Coleman v. Md. Court of Appeals,* 626 F.3d 187, 190 (4th Cir. 2010) (citations omitted).

A plaintiff's complaint only needs to include "a short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). "As the Supreme Court has recognized, specific facts are not necessary in a pleading, and a plaintiff need only give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Miller v. Carolinas Healthcare System*, 561 Fed. App'x 239 (4th Cir. 2014) (unpublished) (internal quotation marks and citations omitted). "In evaluating a civil rights complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6)," the court must be "especially solicitous of the wrongs alleged. [The court] must not dismiss the complaint unless it appears to a certainty that the plaintiff would not be entitled to relief under any legal theory which might plausibly be suggested by the facts alleged." *Harrison v. U.S. Postal Serv.*, 840 F.2d 1149, 1152 (4th Cir. 1988) (internal citations omitted).

### III. DISCUSSION

UPS contends that the magistrate judge erred by recommending that Glover be permitted to amend his complaint and by recommending that Counts 1, 2, 3, 6, 7, and 8 of Glover's proposed second amended complaint be permitted to proceed. UPS addressed each count in a separate objection.

### A. Discrimination under Title VII

In its first objection, UPS refers to Count 3 in Glover's amended complaint and Count 1 in Glover's proposed second amended complaint and requests "that the District Court make a definitive ruling and dismiss any hostile work environment harassment claim that Mr. Glover may be asserting in this case." (ECF No. 24 at 6).

It appears to the court that Count 3 of Glover's amended complaint (and, correspondingly, Count 1 of Glover's proposed second amended complaint) is a generalized claim of race discrimination while count 4 of his amended complaint[2] and counts 2, 3, and 4 of his proposed second amended complaint[3] allege specific instances of race discrimination. (ECF No. 15-1 at 13–16). As stated by the magistrate judge, the United States Supreme Court has held "that an employment discrimination complaint need not include [specific facts establishing a *prima facie* case of discrimination under the *McDonnell Douglas* framework] and instead must contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002); *see also* Fed. R. Civ. P. 8. Glover alleged that UPS discriminated against him on the basis of his race by treating a white, similarly situated co-worker more favorably than Glover under similar circumstances. The magistrate judge recommended the Title VII discrimination claim be allowed to proceed because Glover "has alleged enough facts in the amended complaint to state a race discrimination claim to relief that is plausible on its face." (ECF No. 22 at 7). The court agrees with the magistrate judge's reasoning and finds that UPS's motion to dismiss the Title VII race discrimination claim (Claim 3 of the amended complaint) should be denied and Glover should be permitted to bring such a claim in a second amended complaint.

---

[2] Count 4 of Glover's amended complaint alleged retaliation. (ECF No. 5 at 14).
[3] Counts 2, 3, and 4 of Glover's proposed second amended complaint alleged failure to promote, disparate pay, and retaliation, respectively (ECF No. 15-1 at 14–15).

UPS's objection notes that Glover's Title VII race discrimination claim contains mention of a "hostile work environment." UPS requests for the court to dismiss any hostile work environment claim that Glover may be asserting in this case. However, the court declines to preemptively rule on a hostile work environment claim not explicitly made by Glover.

### B.  Failure to Promote under Title VII

UPS objects to the magistrate judge's recommendation that Glover be permitted to amend his complaint to add a cause of action for failure to promote under Title VII. UPS contends that there can only be two possible origins for Glover's "promotion" claim and that neither can survive UPS's motion to dismiss. To establish a prima facie claim of discriminatory failure to promote under Title VII a plaintiff must show that "(1) [ ]he is a member of a protected group, (2) there was a specific position for which [ ]he applied, (3) [ ]he was qualified for that position, and (4) [his employer] rejected h[is] application under circumstances that give rise to an inference of discrimination." *Williams v. Giant Food Inc.,* 370 F.3d 423, 430 (4th Cir. 2004). As noted above, to survive a 12(b)(6) motion for dismissal, a plaintiff is not required to establish a prima facie case.

First, UPS argues that a claim related to UPS's 2002 decision to ask Glover to supervise the Local Sort/Reload without actually promoting him to full-time supervisor is time-barred. The magistrate judge agreed that any claims that accrued more than 300 days prior to the filing of Glover's Equal Employment Opportunity Commission ("EEOC") charge[4] are time-barred. Moreover, Glover agreed in his response to UPS's motion for dismissal that "the conduct in 2002 is not at issue." (ECF No. 16-1 at 6). Accordingly, the court agrees that any claims which accrued more than 300 days before Glover's EEOC submission are time-barred.

---

[4] Glover filed an EEOC charge alleging race discrimination on July 24, 2015. (ECF No. 1-1).

Second, UPS alleges that no promotion decision was made in 2015 relating to Glover. UPS quotes Glover's proposed second amended complaint which states that "Snedigar[5] had been promoted years earlier and was working as a full-time Supervisor in the Anderson facility prior to his return to" Glover's facility. (ECF No. 15-1 at 7–8).[6] UPS argues that the action complained of by Glover involves a *lateral transfer* rather than a *promotion* and that, therefore, Glover cannot establish a prima facie case of discriminatory failure to promote. (ECF No. 24 at 8).

However, Glover's claim does not need to establish a prima facie case of discriminatory failure to promote to survive UPS's motion to dismiss. *Coleman,* 626 F.3d at 190. Further, as Glover stated in his reply, the *Foster* case cited by UPS to support its position addresses summary judgment; a different standard than Rule 12 dismissal.[7] *Foster v. BNP Residential Props. Ltd. P'Ship,* No. 2:06-cv-2440-PMD-RSC, 2008 WL 512788 (D.S.C. Feb. 25, 2008).

Moreover, the "lateral transfer" was significant in the *Foster* plaintiff's case because, "the lateral transfer of an employee in accordance with company policy refutes the plaintiff's claim that there was an *opening* into which she could have been promoted." *White v. C&P Telephone Co. of Maryland,* 872 F.2d 420, *1 (4th Cir. 1989) (unpublished table decision) (emphasis added). The court in *Foster* stated, "[t]he key to this case is determining whether Plaintiff can show that she applied for an *open* position." *Foster*, 2008 WL 512788, *10 (emphasis added). *See also White v. C&P Telephone Co. of Maryland*, 872 F.2d 420 (4th Cir. 1989) ("one of the elements the plaintiff must prove in order to make out a prima facie case of discriminatory failure to promote was that a position was open.").

---

[5] Todd Snedigar was Glover's white co-worker who allegedly received preferential treatment because of race. (ECF No. 15-1 at 8).

[6] The same facts about Snedigar's promotion "years earlier" were also included in Glover's amended complaint, with slightly different language. (ECF No. 5 at 7).

[7] None of the cases cited by UPS consider a discriminatory failure to promote cause of action in the context of a motion to dismiss under Fed. R. Civ. P. 12(b)(6). (ECF No. 24 at 8–9).

7

In this case, UPS argues that Glover's statement in his amended and proposed second amended complaint that Snedigar was promoted to a full time supervisor position years earlier (ECF Nos. 5 at 7 and 15-1 at 8) shows that the appointment at issue was a lateral transfer rather than a promotion. (ECF No. 24 at 7–8). However, the proposed second amended complaint also asserted that "Snedigar was *promoted* to full time Reload Supervisor of the Load Sort" of Glover's location. (ECF No. 15-1 at 8).[8] Moreover, Glover asserted that a human resources representative reported that Snedigar's move was filling a position that had been "*vacant*" for years. (ECF No. 15-1 at 8). Accordingly, at this early stage of the litigation, construing the facts in a light most favorable to the plaintiff, the court finds that Glover has provided enough facts to state a claim to relief that is plausible on its face. Thus, the court adopts the magistrate judge's recommendation and grants Glovers motion to amend as to the failure to promote claim. Accordingly, the court overrules UPS's objection.

### C. Disparate Pay under Title VII

In its third objection, UPS argues that the magistrate judge erred by recommending that Glover's disparate pay claim be permitted to proceed. UPS argues that Glover cannot establish a viable claim for pay discrimination because (1) Glover does not allege that he was paid different wages than any other part-time supervisor and (2) he cannot use Snedigar as a comparator because the two were not similarly situated in all relevant aspects.

To establish a prima facie case of pay discrimination, a plaintiff must show that he (1) is a member of a protected class; (2) was as qualified as other employees not of the protected class; and (3) was paid less than similarly situated employees who were outside his protected class. *See Woodward v. United Parcel Serv., Inc.*, 306 F. Supp. 2d 567, 574–75 (D.S.C. 2004). Again, at this stage, to survive a motion to dismiss, Glover's claim must be plausible on its face and

---

[8] Glover's amended complaint also contained a nearly identical assertion. (ECF No. 5 at 7).

"raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact). . . ." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007).

In his amended and proposed second amended complaint, Glover alleges that he performed "the exact same job as other full time supervisors." (ECF Nos. 5 at 4 and 15-1 at 4). Further, in Count 3 of his proposed second amended complaint, Glover alleged that he was paid significantly less money than Todd Snedigar, "a white male who held the same position and performed the same job." (ECF No. 15-1 at 15). UPS's objections are without merit because, at this stage, the court must construe Glover's allegations as true and Glover has pled that he performed the same work as and was similarly situated to Snedigar because he performed the work of a full time Reload Supervisor (as demonstrated by hours worked, emails, reports and interactions with other managers) but was paid less because of race discrimination. UPS has failed to show that Glover did not adequately plead a claim for pay discrimination, thus, its objection is overruled. The court finds that Glover alleges sufficient facts to create a plausible claim for disparate pay under Title VII and his motion to amend is granted with regards to that claim.

### D. Demotion

UPS argues in its fourth objection that Glover cannot assert a viable demotion claim under Title VII because the facts show that (1) Glover was never promoted to the full-time supervisor position and (2) a reduction in the number of hours Glover was permitted to work does not constitute a demotion.[9] Because UPS does not allege specific error by the magistrate

---

[9] It does not appear to the court that Glover is attempting to assert a demotion claim. UPS acknowledges that "the word 'demotion' does not appear anywhere in Counts 1, 2 or 3 of the proposed Second Amended Complaint." (ECF No. 24 at 11).

judge, or even refer to the magistrate judge's Report in this objection, the court declines to address UPS's assertions in its fourth objection.

### E. Conversion

UPS objects to the magistrate's recommendation that Glover be permitted to proceed with a state law claim of conversion because a job is not an item of personal property and because Glover cannot show a right of ownership to the compensation and benefits owed to a full time Reload Supervisor. (ECF No. 24 at 12). Further, UPS asserts that any claim for conversion would be time-barred because Glover has known since 2002 that he was performing the job traditionally done by a full-time supervisor, yet being paid as a part-time supervisor. Finally, UPS states that if a naked allegation is sufficient to state a viable claim for conversion, every Title VII case involving allegations of discriminatory pay, promotion, demotion or termination would transform into state law claims for conversion. "Conversion is defined as the unauthorized assumption in the exercise of the right of ownership over goods or personal chattels belonging to another to the exclusion of the owner's rights. *Moseley v. Oswald*, 376 S.C. 251, 254, 656 S.E.2d 380, 382 (2008). Under South Carolina law, to prove the tort of conversion, the plaintiff must establish either title to or right to the possession of the personal property." *Joe Hand Promotions, Inc. v. Double Down Entm't, LLC*, No. 0:11-CV-02438-MBS, 2014 WL 994382, at *8 (D.S.C. Mar. 13, 2014) (quotations and citations omitted).

The court agrees with UPS that a claim for conversion is inappropriate considering the facts alleged in this case. In *Guill v. Academy Life Ins. Co.,* the Fourth Circuit stated that according to South Carolina law, "Money may be the subject of conversion, when it is capable of being identified, and there may be conversion of determinate sums even though the specific coin and bills are not identified. However, there can be no conversion where there is a mere

obligation to pay a debt." 935 F.2d 1286, at *2 (4th Cir. 1991) (unpublished table decision) (quoting *Owens v. Andrews Bank & Trust Co.*, 220 S.E.2d. 116, 119 (S.C. 1975)). The Court compared *Andrews* with *Owens v. Zippy Mart of S.C.*, in which the South Carolina Supreme Court held that an employer's withholding of an employee's wages because the employer believed that the employee had stolen money did not constitute conversion. 234 S.E.2d 217 (S.C. 1997).

> The South Carolina Supreme Court has distinguished mere failure to pay a debt, as in *Zippy,* from affirmative misconduct in the failure to pay a debt, as in *Andrews*. In *Andrews* the bank failed to return a customer's deposit when she closed the account. Instead, the bank retained her money as security against a debt that her husband owed the bank. The South Carolina Supreme Court held that this constituted conversion. . . . Zippy Mart's mere failure to pay disputed wages was not "oppressive conduct . . . sufficient to constitute a tort of conversion.

*Guill*, 935 F.2d 1286, at *2. In his amended and proposed second amended complaints, Glover alleged conversion of his money pursuant to South Carolina law because UPS exercised right of control over money in the form of underpaid salary and benefits that were rightly his. (ECF Nos. 5 at 15 and 15-1 at 17–18). However, as stated above, the failure to pay disputed wages is conduct not sufficiently onerous to constitute a tort of conversion. Accordingly, Glover's amended complaint and proposed second amended complaint fail to plead facts sufficient to raise a right to relief above the speculative level. Glover's motion to amend is denied as to the conversion claim and UPS's motion to dismiss the conversion claim is granted.

### F. Fraud and Negligent Misrepresentation

Finally, UPS objects to the magistrate judge's recommendation that Glover's fraud and negligent misrepresentation claims be allowed to proceed. Specifically, he argues that the misrepresentations, as alleged, were made to Glover regarding *future* terms of his employment and are therefore not actionable. Further, he argues that even if Glover's allegations were

actionable, none of the facts alleged in the proposed second amended complaint support that the representations made by UPS were false.

"South Carolina's courts have made it clear that negligent misrepresentation and fraud claims . . . can be based only on misrepresentations of material fact. To be actionable, a representation 'must relate to a present or pre-existing fact'; a claim 'cannot ordinarily be based on unfulfilled promises or statements as to future events.'" *Pitten v. Jacobs*, *Fields v. Melrose Ltd. Partnership,* 312 S.C. 102, 439 S.E.2d 283, 285 (S.C. Ct. App. 1993) (negligent misrepresentation claim); *Woods v. State,* 431 S.E.2d 260, 263 (S.C. Ct. App.1993) (fraud claim). UPS's first argument, that Glover's claims are based on unfulfilled promises rather than facts, was alleged in its motion to dismiss and, therefore, already addressed by the magistrate judge. As the magistrate judge quoted, in Glover's response to UPS's motion to dismiss, Glover stated, "[T]he misrepresentation of material fact is UPS's assertion (made initially by Mellissa Satterfield, and continuing throughout Plaintiff's employment as the Donaldson Supervisor), that UPS had downgraded Plaintiff's then-full time position to part time. In reality, however, Plaintiff's position was never downgraded, but was represented as such in an effort to effectively avoiding providing Plaintiff the pay and benefits associated with a full time position." (ECF No. 16-1 at 19–20).

Assuming Glover's assertion as true, he alleges facts sufficient to assert facially plausible claims for fraud and negligent misrepresentation in his amended and proposed second amended complaints.[10] (ECF Nos. 5 at 3–4 and 15-1 at 3–4). At this early stage of the litigation, prior to discovery, construing the facts in a light most favorable to Glover, the court agrees with the

---

[10] Furthermore, an exception to the above rule regarding unfulfilled promises exists "if the plaintiff can demonstrate that the defendant never intended to fulfill its promise, rendering the representation false when made." *Finney v. Lincare, Inc.*, No. 2:11-CV-1400-DCN, 2012 WL 1533139, at *4 (D.S.C. May 1, 2012) (citing *Tom Hughes Marine, Inc. v. Am. Honda Motor Co., Inc.,* 219 F.3d 321, 324–25 (4th Cir. 2000)).

magistrate judge's conclusion. Accordingly, the motion to amend is granted as to the fraud and negligent misrepresentation claims and UPS's motion to dismiss is denied as to the same claims.

As noted, Glover filed no objections to the Report. Based on the foregoing, and a thorough review of the Report, the court finds no clear error as to the conclusions of the magistrate judge that Counts 1 and 2 (ADEA), Count 4 (Title VII retaliation, Count 5 (EPA), and Count 9 (ratification) of the amended complaint (ECF No. 5) should be dismissed. Additionally, for the same reasons, Glover's motion to amend should be denied as to Count 5 (Fair Pay Act) of the proposed second amended complaint.[11]

## IV.    CONCLUSION

After a thorough review of the Report and the entire record in this case pursuant to the standards set forth above, the court adopts the magistrate judge's Report (ECF No. 22) **IN PART**, and incorporates it herein such that the motion to dismiss (ECF No. 9) is **GRANTED** as to Counts 1 and 2 (ADEA), Count 4 (Title VII retaliation), Count 5 (EPA), and Count 9 (ratification) of the amended complaint (ECF No. 5). The court declines to adopt the recommendation as to Count 6 (state law conversion) of the amended complaint (ECF No. 5) such that the motion to dismiss (ECF No. 9) is **GRANTED** as to that claim. Further, the court adopts that portion of the Report relating to Count 3 (Title VII discrimination), Count 7 (fraud and deceit) and Count 8 (negligent misrepresentation) of the amended complaint (ECF No. 5) such that the motion to dismiss (ECF No. 9) is **DENIED** as to those claims.

---

[11] In Count 5 of his proposed second amended complaint, Glover asserted a cause of action for violation of the Fair Pay Act, 42 U.S.C. § 2000e-5(e)(3)(A), pled in the alternative to his Title VII failure to promote claim. (ECF No. 15-1 at 16–17). The magistrate judge recommended that the proposed amendment be denied as futile because "the law is clear that the Lily Ledbetter Fair Pay Act of 2009 does not create an independent cause of action, but instead clarifies the point of commencement of the statute of limitations in instances of wage discrimination." (ECF No. 22 at 5) (internal quotation omitted). Neither party filed objections to the magistrate judge's recommendation on Count 5 of the proposed second amended complaint. Accordingly, the court adopts the magistrate judge's recommendation.

Plaintiff's motion for leave to file a second amended complaint (ECF No. 15) is **GRANTED** as to Count 1 (Title VII discrimination), Count 2 (Title VII failure to promote), Count 3 (Title VII disparate pay), Count 7 (fraud and deceit) and Count 8 (negligent misrepresentation) as set forth in the proposed second amended complaint and **DENIED** as to Count 4 (Title VII retaliation), Count 5 (Fair Pay Act) and Count 6 (conversion).

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

March 29, 2017
Anderson, South Carolina